935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin BROWN, Defendant-Appellant.
 No. 90-5237.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1991.
Decided June 11, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-287-A)
 Robert S. Powell, Powell & Colton, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Steven G. Bonorris, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kevin Brown appeals from a jury verdict which found him guilty of possessing an unauthorized instrument which could cause death or bodily injury while an inmate at the Occoquan Facility of the Lorton Reformatory in violation of Va.Code Ann. Sec. 53.1-203(4). That statute is assimilated by 18 U.S.C. Sec. 13. We affirm.
 
 
 2
 Brown first asserts that the evidence was insufficient to support his conviction because there was no evidence that he used or intended to use the object in question to cause bodily harm. In reviewing the sufficiency of the evidence, this Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (citations omitted). This Court must consider circumstantial as well as indirect evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. Where there are conflicts in the testimony, it is for the jury and not the appellate court to weigh the evidence and judge the credibility of the witnesses. Id. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 3
 It was undisputed at trial that Brown was an inmate at Lorton Reformatory at the time of the offense and that he possessed an instrument that was not authorized by prison regulations. A corrections officer described the object as a stick "about twelve inches long that had a metal piece at the end, and ... a screw stuck to it that was about two inches long." Brown testified that he used the object only to open drawers to his dresser which had no knobs, but he did not counter testimony from government witnesses that the object was capable of inflicting injury. Therefore, when viewed in the light most favorable to the government, the evidence was sufficient to support the jury's verdict that Brown violated Sec. 53.1-203(4).
 
 
 4
 Brown next asserts that the trial court erred when it refused his proposed instruction on the definition of a "deadly weapon," but the record discloses no defense objection to the instructions as given. No party may assign as error any portion of the charge or omission therefrom unless that party objects before the jury retires to consider its verdict. Fed.R.Crim.P. 30. In the absence of proper objection, an issue of allegedly insufficient instruction may not be raised on appeal unless the judge's failure to properly instruct was clear error within the meaning of Fed.R.Crim.P. 52(b). United States v. McCaskill, 676 F.2d 995, 1001-02 (4th Cir.), cert. denied, 459 U.S. 1018 (1982). The clear error rule as an exception to the mandate of Rule 30 is always applied "cautiously and only in the exceptional case." Id. Since the record contains no objection from Brown to the jury instructions given at trial Brown is precluded from raising the jury instruction issue on appeal.
 
 
 5
 Even if Brown did properly object to the instructions and this Court were to address the merits of his claim, the district court did not err. A trial judge's instructions must reasonably relate to the factual situation of a case and whether Brown possessed a "deadly weapon" is not an element of the offense with which he was charged. See United States v. Salliey, 360 F.2d 699, 702 (4th Cir.1966) (district court need only give instructions on applicable facts and law). We therefore affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.